NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FILE NAME:  15A0261N.06

CASE NO. 14-3204

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 10, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSE LUIS GARCIA-GARCIA, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| ERIC HOLDER, JR., Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

Before:  BATCHELDER, MOORE, and SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Jose Luis Garcia-Garcia petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to withhold removal.  We DENY the petition for review.

**I.**

Garcia is a native of Guatemala who entered the United States without inspection on or about January 1, 2000.  He appeared before an immigration judge and conceded removability but sought withholding of removal, claiming that he fears persecution if returned to Guatemala on the basis of his membership in a persecuted social group, namely, former gang members.  Garcia claimed that because his former gang associates know him and because he has a distinguishing gang tattoo (a tear drop under his eye), they or others will persecute him if he returns.  He testified at his hearing and produced a letter from his parents asserting that he was in a Guatemalan gang.

The immigration judge denied withholding, concluding first that Garcia had failed to persuade her that he is likely to be recognized or persecuted if returned to Guatemala.  The

immigration judge concluded as well that Garcia had failed to establish that he is not barred from eligibility for withholding of removal because of involvement in serious nonpolitical crime as a member of a gang in Guatemala. The BIA dismissed the appeal, finding that Garcia was barred from eligibility for withholding, and also concluding that Garcia had failed to show a likelihood of persecution or that he could not relocate to another part of Guatemala to avoid persecution. He seeks review here.

## II.

Garcia argues that the immigration judge and the BIA erred by finding that he had failed to provide sufficient corroborating evidence to support withholding. Specifically, the immigration judge found Garcia's testimony "basically credible" but "too general" and "not sufficiently detailed to sustain his burden without corroboration." And the immigration judge found the corroborating evidence "slim," explaining that Garcia "provided no details concerning his involvement with the gang even after questioned extensively by his attorney and the [c]ourt on this issue"; "[h]e provided no details concerning his initiation"; "[h]e gave no information essentially about what he did with the gangs except to say that they fought"; "[h]e provided no information about how they fought or the results of the fights[,] even after asked repeatedly"; and he "provided no details about who were the members of the leadership of the gang, where they were located, how he knows them, [or] how he would be recognized." Consequently, the immigration judge, noting that she is forbidden from speculating, held that Garcia failed to persuade her or produce sufficient proof that, upon return, he would likely be recognized or persecuted.

Garcia appealed to the BIA, which dismissed the appeal, concluding (as an alternative basis) that Garcia "ha[d] not provided the corroboration necessary to sustain his burden of proof." The BIA cited and relied on 8 U.S.C. § 1229a(c)(4)(B) and *Urbina-Mejia v. Holder*, 597

F.3d 360, 368 (6th Cir. 2010), which the BIA described accurately, albeit somewhat awkwardly, as "affirming the Immigration Judge's determination that Urbina-Mejia did not provide sufficient corroboration to meet his burden to prove that he would be more likely than not to suffer persecution upon removal even where an expert witness testified." The *Urbina-Mejia* opinion itself goes one step further in its explanation, pointing out that "section 1252(b)(4) instructs that we are prohibited from reversing the agency's finding 'with respect to the availability of corroborating evidence . . . unless [we] find[] . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.'" *Id*. (quoting 8 U.S.C. § 1252(b)(4)).

On appeal, Garcia argues that the BIA's and immigration court's decisions are in error because the immigration judge never told him what corroborating evidence was missing or allowed him to explain why he did not provide it, thus depriving him of due process. He relies on the Ninth Circuit's holding in *Ren v. Holder*, 648 F.3d 1079, 1091-92 (9th Cir. 2011) ("An applicant must be given notice of the corroboration required, and an opportunity to either provide that corroboration or explain why he cannot do so." (footnote omitted)). While Garcia notes that our opinion in *Pulatov v. Holder*, 516 F. App'x 455, 459 n.5 (6th Cir. 2013), cited *Ren* in a footnote, he fails to mention that *Pulatov* also cited the Seventh Circuit's disagreement in *Abraham v. Holder*, 647 F.3d 626, 633 (7th Cir. 2011) (holding that 8 U.S.C. § 1158(b)(1)(B)(ii) does not create an additional notice-and-opportunity requirement). More importantly, *Pulatov*, 516 F. App'x at 459 n.5, left this an "open question" because "that [lack-of-notice-and-opportunity] argument was not presented to the BIA, and so ha[d] not been properly exhausted." Garcia also failed to raise this argument to the BIA and, therefore, failed to exhaust it and preserve it for appeal. *Id.*; *see also Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004).

Garcia argues as well that he presented sufficient evidence to compel the conclusion that he would be persecuted upon his return to Guatemala, and that at the very least, he is entitled to a

remand to permit the immigration judge to rule on this claim. But the immigration judge explicitly held that Garcia had failed to carry his burden in this regard, and the BIA, while not outright affirming the immigration judge's ruling, thoroughly discussed it and explicitly stated that if it were to reach this issue, it would affirm. Garcia's claim is without merit.

Finally, the immigration judge held, and the BIA explicitly affirmed—and, indeed, based its dismissal of Garcia's appeal on this conclusion—that Garcia had failed to prove that he was not barred from eligibility for withholding of removal because of his involvement in serious nonpolitical criminal activity in Guatemala. Garcia admitted both that he had been involved in gang fights that included the use of knives and beating people in the face, and that his gang activity had had no political aspect. The record contains substantial evidence to support the conclusion that Garcia is not eligible for withholding of removal.

**III.**

For the foregoing reasons, we DENY the petition for review.